IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY GILL,

        Plaintiff,

v.                                                                                                    No. CIV-05-0348 JB/RHS

SOUTHERN NEW MEXICO CORR. FACILITY, et al.,
CAPTAIN LOPEZ,
SEVERAL UNKNOWN CORRECTIONAL OFFICERS,
STATE OF NEW MEXICO,
LUPE MARSHALL, DEPUTY WARDEN P.O.U.,
ROBERT ULIBARRI, WARDEN S.N.M.C.F.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e, and rule12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights Complaint. The Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the Court will dismiss the Plaintiff's Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In

reviewing the Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that Captain Lopez and other correctional officers injured the Plaintiff by using excessive force. The Plaintiff claims that the Defendants' actions violated certain of his constitutional protections. He seeks damages.

The Plaintiff states in his Complaint that he has not exhausted administrative remedies because "the only available avenue is through the very same people whom [sic] ordered and initiated the unwarranted torture." On the other hand, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), *quoted in Gonzales-Liranza v. Naranjo*, No. 02-2110, 2003 WL 22255886, at **3 (10th Cir. Oct. 2, 2003). "The Supreme Court has declined to read 'futility or other exceptions' into the PLRA's exhaustion requirement." *Hamby v. Jordan*, No. 02-6253, 2003 WL 294425, at **1 (10th Cir. Feb. 7, 2003) (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). The Plaintiff's allegations do not warrant excusing him from the statutory exhaustion requirement, and the Court will dismiss his Complaint.

**IT IS THEREFORE ORDERED** that the Plaintiff's Complaint is DISMISSED without prejudice for failure to exhaust administrative remedies, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE